E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
SAMUEL J. DIAZ (Cal. Bar No. 304503)
Assistant United States Attorney
International Narcotics, Money Laundering,
 & Racketeering Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:   (213) 894-3045
     Facsimile:   (213) 894-6269
     E-mail:      samuel.diaz@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> EDUARDO CASTILLO, <br><br> Defendant. | No. CR 21-389-SB-1 <br><br> GOVERNMENT'S SENTENCING POSITION PAPER AS TO DEFENDANT EDUARDO CASTILLO <br><br> Hearing Date: February 7, 2023 <br> Hearing Time: 8:00 a.m. <br> Location: Courtroom of the Hon. Stanley Blumenfeld. Jr. |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Samuel J. Diaz, hereby files its sentencing position paper as to defendant Eduardo Castillo.

//

//

//

This sentencing position paper is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: January 24, 2023  Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

    /s/
SAMUEL J. DIAZ
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In 2016, defendant Eduardo Castillo agreed to recruit drug mules as part of a conspiracy to import methamphetamine from Mexico into the United States. After one of the drug mules he recruited was arrested crossing the border with nearly 20 kilograms of methamphetamine, defendant was indicted for conspiring to import methamphetamine.

For the reasons explained below, defendant faces a guidelines range of 57 to 71 months' imprisonment and is safety valve eligible. The government respectfully requests that Court sentence defendant to a term of 64 months' imprisonment, at the mid-point of the applicable range.

## II. STATEMENT OF FACTS

Beginning on an unknown date, and continuing to at least September 16, 2016, defendant agreed to participate in a conspiracy to import methamphetamine from Mexico into the United States.

Sometime in 2016, a man known as "Mike" approached defendant about recruiting drug mules to travel to Mexico to import methamphetamine. Mike promised to pay defendant $2,000 for recruiting drug mules. Defendant agreed and recruited Janet Hernandez to work as a drug mule for Mike. Hernandez made several trips to Mexico to import methamphetamine.

After recruiting Hernandez, defendant had several recorded phone calls with Los Angeles County inmate Marielena Topete, his then-girlfriend. Topete told defendant about a female inmate ("F.I.") that Topete was recruiting to work as a drug mule for defendant. Defendant replied that he needed to speak with Mike about it. (Presentence Report ("PSR") ¶ 14(d).) In subsequent calls, defendant spoke with F.I. and ultimately told her that his co-conspirators did not want to send her as a drug mule to Mexico because she had a pending criminal matter on her record and was likely to be caught. (Id. at ¶ 14(e).)

On September 16, 2016, Customs and Border Protection arrested Hernandez after she entered the United States in a car loaded with 19.88 kilograms of methamphetamine. (Id. at ¶¶ 14(f), 15.) Hernandez imported the methamphetamine in furtherance of the conspiracy that defendant was a part of.

On August 18, 2021, a grand jury returned a single-count Indictment charging defendant, Topete, and Hernandez with conspiring to import methamphetamine. (Dkt. 1.) On October 18, 2022, defendant pled guilty. (Dkt. 78.)

### III.    GUIDELINES CALCULATION

Accounting for a minor role adjustment, defendant's base offense level is 34. See U.S.S.G. § 2D1.1(a)(5)(iii). The base offense level is reduced by nine levels based on: a two-level deduction under the safety valve; a two-level downward variance under 18 U.S.C. § 3553; a two-level deduction for being a minor participant in the offense; and a three-level deduction for acceptance of responsibility. Because defendant qualifies for a minor role deduction, the two-level enhancement under U.S.S.G. § 2D1.1(b)(5) does not apply. Accordingly, defendant's total offense level is 25.

Defendant is in criminal history category I and has no prior criminal history points. (PSR ¶ 44.) At a total offense level of 25 and a criminal history category of I, defendant faces a guidelines range of 57 to 71 months' imprisonment. Because defendant qualifies for the safety valve, he is not subject to the otherwise applicable ten-year mandatory minimum term of imprisonment.

Defendant faces a supervised release guidelines range of two to five years because his conviction is a Class A felony. U.S.S.G. § 5D1.2(a)(1). Due to his safety valve eligibility, he is not subject to the otherwise applicable five-year mandatory term of supervised release.

IV.    **ARGUMENT**

    **A.**     **Defendant's Total Offense Level Should Be Reduced to a Level 25**

Defendant should receive a deduction for being a minor participant in the offense and a two-level downward variance under 18 U.S.C. § 3553, resulting in a total offense level of 25.

    1.     <u>Defendant was a minor participant in the conspiracy to import methamphetamine from Mexico into the United States</u>

A defendant may receive a two-level deduction under U.S.S.G. § 3B1.2(b) where the defendant was a "minor participant" in the offense. In determining whether this deduction applies, courts must consider "(i) the degree to which the defendant understood the scope and structure of the criminal activity; (ii) the degree to which the defendant participated in planning or organizing the criminal activity; (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority; (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; [and] (v) the degree to which the defendant stood to benefit from the criminal activity."

The second, third, fourth, and fifth factors weigh strongly in favor of finding that defendant was a minor participant in the offense – here the conspiracy to import methamphetamine hidden in vehicles from Mexico into the United States. Beginning with the second factor, this factor requires the Court to "assess the degree to which the defendant participated in <u>devising</u> the plan." <u>United States v. Rodriguez</u>, 44 F.4th 1229, 1235 (9th Cir. 2022) (emphasis in original). To devise a plan, "[t]he defendant must take an active role in developing the plan." <u>Id.</u> at 1236. There is no evidence here that defendant had any role, much less an active role, in planning to import methamphetamine from Tijuana, Mexico to the United States. While defendant's role as a drug mule recruiter involved more discretion than that enjoyed by the drug mules, defendant's role was limited to recruiting. He did not decide which drugs would be

imported, the locations from which they would be imported or their quantities, and did not plan how the methamphetamine would be transported, distributed, or secured once in the United States.

The third factor, the degree to which defendant exercised decision making authority as compared to others involved in the offense, weighs strongly in defendant's favor because there is no evidence that defendant exercised decision-making authority or influenced the decision making of others. Although defendant had discretion as to whom to approach as potential mules, it was not his decision whether a potential recruit was admitted as a mule. Rather, as happened with inmate F.I., it was Mike and others who decided whether to accept a potential recruit as a drug mule.

For similar reasons, the fourth factor, the nature and extent of defendant's participation in the offense, weighs in defendant's favor. Defendant's role was to recruit potential mules and connect them with Mike. He did not otherwise assist the drug conspiracy, did not unload methamphetamine from the mules' vehicles, arrange drug deals, or set the conditions of the mules' employment.

The limited degree to which defendant benefited from the offense further indicates the relatively minor role that he played. In assessing this factor, the court must "consider whether the defendant has a 'proprietary interest in the criminal activity,' such as 'an ownership interest or other stake in the outcome of the trafficking operation." Rodriguez, 44 F.4th at 1237. Defendant had no proprietary interest in the conspiracy to import methamphetamine. He was paid a fixed fee of $2,000 for recruiting drug mules a fee that did not depend on the value of the narcotics that the drug mules imported.

The first factor, defendant's understanding of the scope and structure of the conspiracy, is a closer question but does not foreclose a minor role deduction. Defendant plainly understood that the conspiracy involved sending drug mules to Mexico to collect methamphetamine for importation into the United States. He naturally must have understood that the methamphetamine would then be distributed in the United States to the organization's customers. Hence, while defendant contends that his sole

contact in the organization was Mike, he had an understanding of the nature and scope of the conspiracy. That, however, is not the end of the inquiry. "[E]ven a defendant who knows some of the scope and structure of the organization, participates in some of the planning, and receives a large payment for his participation could still play a relatively minor role compared to his co-conspirators . . . [t]he key question is how the defendant compares with other participants in the offense." Id. at 1235.

Here, while defendant had a fair understanding of the conspiracy, as compared to others, including Mike and those involved in the manufacturing, distribution, and sale of the methamphetamine, his understanding of the conspiracy was minor. As discussed above, he was not involved in planning the conspiracy and was paid a fixed amount for his drug mule recruiting.

Accordingly, on balance the factors weigh in favor of finding that defendant was a minor participant in the offense.

### 2. Defendant Should Receive a Two-Level Downward Variance

In addition, the government respectfully moves for a two-level downward variance under the 18 U.S.C. § 3553 factors on account of defendant's personal characteristics and lack of criminal history. In particular, defendant has not accrued any additional criminal history in the six years since the instant offense and is in criminal history category I. During that period, defendant has been gainfully employed and has taken an active role in raising not only his daughters, but the daughters of his deceased brother. (PSR ¶¶ 56, 58.) In light of defendant's personal characteristics, the government respectfully requests a two-level downward variance.

**B.    Defendant Should Be Sentenced to a Term of 64 Months' Imprisonment**

18 U.S.C. § 3553(a) requires a sentence "sufficient, but not greater than necessary" to accomplish the purposes of federal sentencing. A sentence of 64 months' imprisonment, at the mid-point of the applicable guidelines range, accomplishes this goal.

The serious nature of defendant's offense warrants a substantial term of imprisonment. See 18 U.S.C. § 3553(a)(1). Defendant agreed to conspire to import methamphetamine from Mexico into the United States. By doing so, defendant not only helped to import dangerous methamphetamine into the community, he demonstrated a brazen disregard for the laws of the United States by assisting foreign actors, in this case a dangerous drug trafficking organization, to smuggle contraband into the country. Worse still, defendant's offense involved recruiting financially-needy women and female inmates to act as drug mules – all for his personal financial gain.

On the other hand, aside from this offense, defendant has accrued no criminal history points and has not reoffended in the six-plus years since the instant offense. During this period, defendant has been gainfully employed and has taken a leading role in raising not only his daughters, but those of his deceased brother. For these reasons, the government recommends that the Court impose a sentence of 64 months' imprisonment, at the mid-point of the applicable range.

## V.     CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court sentence defendant to: (1) a term of imprisonment of 64 months; (2) three years of supervised release; and (3) a special assessment of $100.